Our first case is In Re T-Shack, Inc. Michael J. Harker, appearing for appellant. Michael W. Chen, appearing for appellee. Okay, Mr. Harker, do you want to reserve a little time for rebuttal? Yes, Your Honor. Thank you. I'd like to reserve three minutes for rebuttal. Okay. Three minutes it is. Okay, you may proceed. Thank you very much. May it please the Court, my name is Michael Harker and I am counsel for the appellant this matter T-Shack, Inc., which of course is the debtor in the underlying bankruptcy. As I'm sure this Court is very well aware, this appeal stems from an objection to claim which was filed by my client regarding the secured deed of trust on real property in 2013. As set forth in our objection, which ultimately the Honorable Judge Nakagawa overruled, we set forth the fact that, and specifically as set forth in my brief as well, is the position of the debtor that although the debtor in this case is not the borrower on the secured deed of trust in question, the debtor which did purchase the property back in December of 2013 should have the right, as the owner of the property in question, to question the validity of the secured deed of trust on the property which this debtor owns. Therefore, the objection set forth a few things and specifically that requesting discovery has to determine if the note in question had been accelerated, had been charged off, or simply the ability to hire or to obtain our own account or expert to determine that the amounts due and owing as set forth in the proof of claim are accurate. Ultimately, Judge Nakagawa determined that because we are not the borrower in question, that without an affidavit of said borrower, that my client lacked standing to be able to make these arguments and therefore overruled the objection. Didn't Judge Nakagawa overrule the objection because your client did not rebut the prima facie validity of the claim? That was the basis of the ruling. I mean, that's what you were required to do in order to move forward with a claim objection and he felt you didn't do that. Thank you. Yes, that is accurate. He did. Judge Nakagawa did feel we had not rebutted the prima facie claim. But the problem is, of course, it's very difficult to rebut a claim which my client has absolutely no documentation, no evidence of, to determine whether... That's the risk you take when you buy a property from a sale based on failure to pay HOA fees, right? That is a risk. Certainly, when a property is bought at an HOA sale, the debtor, and I'm sure this court is very well aware after lengthy cases here in the state of Nevada, the debtor does take subject to the first deed of trust on the property in question. My client's very well aware of that. I believe my client also was involved in litigation perhaps in other properties that are related to that issue. And ultimately, of course, the Ninth Circuit did determine that the first deed of trust did survive. So, yes, my client is very well aware of that. But it is TSHAC's position that although we do take subject to the first deed of trust as the owner of the property, certainly, TSHAC should have the right to determine if the In essence, Secure Credit could submit any number and based on the court's ruling, TSHAC would have absolutely no right to make any objection to those numbers. And... Well, did somebody prevent you from doing any kind of discovery before you filed this objection? Did somebody prevent you from doing a 2004 exam or otherwise inquiring of the lender how they came up with this number? No. We have not been prevented from doing a 2004 exam or... Well, you could have done that and then you might have had a little bit more facts to put into the objection, which I thought per Judge Brandt's comment was really what Judge Nakagawa was saying. There's just, you know, if you're right about some of these things, well, maybe you are, but goodness, we don't know. It's kind of speculation. There aren't any facts there. Thank you. That's understood. In perhaps hindsight, a 2004 exam should have been noticed and certainly through that, maybe we could have ascertained. I do believe, although I can't speculate, that Secure Credit would ultimately have objected to that based on the fact that we're not the borrower of the note. So, but I can't, that's just speculation, obviously. I'm very well aware of the... So, Counsel, another issue is that you obtained the property years before the bankruptcy was filed and during the nine years before the bankruptcy was filed, you didn't try to figure out how much had been paid, whether it was being paid, whether it was current. You weren't paying the mortgage. You weren't turning over rents to the lender. So you had time, didn't you, during those years to figure out what the circumstances were because you knew you took subject to the first deed of trust. Thank you. Yes, that's an accurate statement. We did purchase the property back in 2013 and it's my understanding, and I don't know wholly, that there was an attempt regarding the paying off or discussion regarding the first deed of trust in question. But that's an accurate statement, Your Honor. My client did not pay on the first deed of trust. I believe for a while my client didn't even know who the first deed of trust holder was. Here in Nevada, a transfer of servicing does not need to be recorded with the county recorder's office so sometimes it's difficult to even ascertain who holds the first deed of trust or at least who the servicer is because it's been sold numerous times. But that raises another question which would have been, again, with Judge Nakagawa's determination was you didn't have any evidence of what efforts you had made over the years to document that somehow the lender prevented you from obtaining that information. That's accurate. Sorry, Your Honor. No, go ahead. Yes, that's accurate. I don't have, I wasn't counsel for TSHAC obviously before the bankruptcy was filed. There were some litigations, but yeah, I don't have that information and obviously could not have provided that to Judge Nakagawa. Simply put, I was requesting that we'd be able to determine if the deed of trust in question is even valid. I have set forth not only under federal law, but of course under NRS 106.240, which I'm sure this court is very well aware of. This is a note that admittedly in the proof of claim is due an owing for 2011. So once again, there's issues I believe that my clients should be able to ascertain as to if this note was charged off, if it was written off, if it was accelerated, which under NRS 106.240 then would require a secured deed of trust to foreclose on the property within 10 years of that acceleration. But once again, due to the lack of information and it's painfully clear to me that this has informed me or made it clear that my client probably before this bankruptcy should have been filed and perhaps even after should have attempted to ascertain that information before getting to this point. But I do believe with an objection to a proof of claim, I do believe that my client should be able to be given the opportunity to at least look at these books, determine these properties, and ultimately pay off this loan at a proper amount. It's not like my client, ultimately if there is an amount due an owing, my client would like to put together a plan that would require the payoff. Ultimately the goal is to sell all these properties and pay off these secured creditors in whole. It's just with a $110,000 arrearage that makes this property practically upside down and the other ones as well. So my client would take the position that he should have a right to determine as the owner of the property that the amounts due an owing perhaps would be less or perhaps not even exist if the secured creditor didn't accelerate it. No. I was going to say, so the property is still property of the estate? It is. Yes. The property is still property of the estate and I would note and perhaps I didn't place it in the brief, but there is an adequate protection order. My client is paying principal and interest currently on this property to a secured creditor. That was an agreement. The secured creditor filed a motion to lift the automatic stay. Ultimately, there was an agreement reached between myself and counsel to have my client begin making payments perhaps that he should have been making a long time ago and those have. So since that time, my client at least has been keeping current the principal and interest and the property is insured, continues to be insured obviously as required. So is the bankruptcy case just on hold, waiting for this appeal to be resolved or are you moving forward with a chapter, with a plan? Ultimately, it's kind of on hold to determine what the court rules here. We have filed a motion to employ a realtor to sell all seven of the properties and once again, that is our ultimate goal. We do have, although it doesn't involve this appeal with ShellPoint, we have four, I believe, adequate protection stipulations where my client is paying principal and interest. But the ultimate plan in this case would be to sell the properties in question. Obviously, my client would like to realize a profit and therefore, has hence had filed the objection in this case, has filed an objection in another case recently which Judge Nakagawa has taken under advisement. But yes, obviously, if the court sustains the court's ruling below, that at least will allow me to go back to my client and say, okay, this is what we should do to get this case resolved. I know my client would like to wrap this up. This case has been going on for about a year. The market is staying stable here which is probably a good thing for my client. So hopefully, we'll be able to sell these properties short with and pay off. I would note ShellPoint, I believe, is four of the seven properties in question. So having said that, it looks as though I have approximately three minutes left. So... Yeah, you've timed that beautifully. Okay. Thank you. All right. Let's hear from the Appellee's Council, please. Good morning, Your Honors. Michael Chen on behalf of New Rez LLC, the appellee in this case. Good morning. And may it please the court. I'll be very brief. The written brief was very succinct and to the point. Your Honor, there was no reversible error in this case. Both the appellant's brief as well as the oral argument today thus far hasn't raised any issues or any shadows of any reversible error in this case. Judge Nakagawa... Well, first of all, Your Honor, this court must employ the two-part test to determine whether there was an abuse of discretion by Judge Nakagawa in issuing the ruling that he did. The first inquiry is with regards to the legal standard employed, whether that was wrong or not. The second part of the test is whether the factual determinations or interpretations were implausible or clearly erroneous. On both counts, Your Honors, Judge Nakagawa did the proper job with regards to ruling on that objection to claim. With regards to the first problem, the legal standard employed, I believe Judge Brand had mentioned this earlier, it was explicitly stated in the oral argument on the objection to claim that under 11 U.S.C. section 502, the standard is that a prima facie validity of the proof of claim under 3001F must be rebutted by the objector with relevant and probative evidence greater to or equal to that presented by the claimant. Your Honor, the appellate's brief mentions the legal standard of a denial based on standing. I'm not sure where that comes from. There wasn't case law or case precedent cited in support of that position. And frankly, it runs contrary to how the judge actually ruled in his explicit statement with regards to an evidentiary burden that must be overcome. And that's straight from the Pioneer case interpreting section 502. So frankly, the appellate's brief doesn't really address the true basis for the judge's ruling as far as the legal standard. Again, I think the excerpts of the record, Exhibit 11, pages, I believe, 133 and 134, Judge Nakagawa explicitly states what was going on with regards to how he viewed the  ruling. So frankly, Your Honor, I don't think the appellant has carried the day with regards to demonstrating any reversible error with regards to the wrong legal standard being employed in the underlying case. With respect to the second prong of the objection to claim ruling, Your Honor, I think that's where the problem lies. The appellant, the debtor, didn't proffer any real evidence, nor could he. He was twice removed from the underlying transactions and therefore could not offer relevant, probative, factual information to undermine the claims of the amounts due and owing under the promissory note and due to trust. He was not a party to the transaction, doesn't even know or has even spoken to the actual borrower under the loan. Frankly, the statements of the appellant at the hearing was, I don't know where they can be found. And, Your Honor, the declaration, which is a two-page declaration and it speaks for itself, it really is a mass of aspirational, self-serving beliefs that aren't based in any first-person experience with regards to the loan accounting, the charges against it. It's simply speculative. And that's all Judge Nakagawa could interpret from that. It was just simply guessing. So, Your Honor, I think that's where the real problem lies and that's what Judge Nakagawa expressly stated is that the debtor appellant simply did not overcome the evidentiary burden required of them with regards to sustaining an objection to claim. The objection to claim process is a well-traveled, well-defined process in bankruptcy courts. Its purpose is to summarily and efficiently determine amounts of claim for purposes of reorganization such as in this case. And so it's clear how the rules work and the appellant simply failed to carry their burden in this case. So what the appellant seems to be asking for is simply chances. And I think this court has already pointed out several different manners in which the debtor could have shorn up their case on objection prior to filing that objection. But unfortunately, they chose to file the objection as they did, unsupported, not within the rules, and they did not prevail. So Your Honor, I think the record clearly demonstrates that the appellant not only fails to brief the proper issues on appeal, but that in substance, there was no reversible error under either of the two prongs when this court reviews the propriety of Judge Nakagawa's order overruling that objection. So with that, Your Honor, I would request that this appeal be denied. Thank you. And any questions, I will certainly attempt to answer. Thank you. Okay. Do my colleagues have any questions? No. I don't have any questions. Thanks. Okay. I don't either. Thank you very much. Thank you. Okay. Back to Mr. Harker for that exquisitely time-permitted rebuttal. Thank you very much, Your Honor. Obviously, as counsel set forth, my client's twice removed and admittedly does have no idea where this borrower is. It would be wonderful if we did, but we don't. This was a property bought at an HOA sale, and so that raises the point that although my client wasn't the borrower, ultimately, and I would state through the objection through the proof of claim, I believe my client should be given the opportunity to make these determinations as to the amount still annoying. Now, I understand with the court's discussion earlier that these are things that perhaps could have been done earlier, and obviously, I'll go back to my client with that. But having said that, when you have a proof of claim filed on a property which is owned by the debtor with the allegation of substantial arrears, certainly, my client should be given the ability, even though he's twice removed, can't find the borrower to be able to determine if the amounts are properly due and owing, and to be able to, and as I set forth in some case law, I do understand that the Ninth Circuit has made it clear that my client would not be in the borrower, wouldn't have standing in this matter. Having said that, I did cite, albeit in the other jurisdictions, that in those cases involved the death of the borrower, that the estate would have the ability to come in and make those arguments, and that's kind of what I'm trying to argue here. So although my client isn't the borrower in this matter, the fact that he purchased the property does give him some ability to come in and say, hey, we want to pay you off, we just want to make sure these numbers are accurate, and although we have to show that prima facie case, it is difficult, and Mr. Chen just set forth, not only do we do not have any documentation, it would be virtually impossible to get it unless we got it through a secured creditor who alleges that we don't have the ability to do that. So based on that, Your Honor, I would request that the court remand the case back, allow my client to ultimately determine those, albeit speculative things, as to the amounts due annoying, as to the possibility that this debt had been written off, as to the possibility that it had been accelerated, and allow my client to present that to the court to ultimately allow the court to determine the exact amount due annoying. Thank you very much. Thank you. The matter is, I'm sorry, any questions from my colleagues? Okay. Thank you. The matter is submitted and we will do our best to get you a written decision as soon as possible. Thank you so much. Thank you. Thank you very much. Okay. Let's call the next matter, please.
judges: Lafferty, Brand, Gan